William N. Lobel (CA Bar No. 93202)
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: (714) 384-4740
Facsimile: (714) 384-4741
E-mail: wlobel@pszjlaw.com

[Proposed] Attorneys for Ruby's SoCal Diners, LLC, *et al.*,
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S SOCAL DINERS, LLC,<br>a Delaware limited liability company, *et al.*,[1]<br><br>    Debtors and Debtors-in Possession,<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br><br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br><br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br><br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br><br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br><br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case Nos.: 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB<br><br>Chapter 11<br><br>**NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF WILLIAM N. LOBEL ATTACHED HERETO**<br><br>[Declaration of Douglas S. Cavanaugh in Support of First Day Motions filed concurrently herewith]<br><br>Date:    August 31, 2018<br>Time:    10:00 a.m.<br>Place:    Courtroom 5D<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE 20 LARGEST UNSECURED CREDITORS, SECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, the "Debtors"), hereby move (the "Motion") ex parte for entry of an order authorizing the joint administration of the Debtors' cases (the "Cases") including: (i) the use of a single docket for administrative matters; (ii) combining notice to creditors and parties in interest; (iii) scheduling joint hearings; (iv) combining financial reporting; (v) joint and several liability for professional fees and costs; and (vi) the joint handling of other administrative matters pursuant to section 105(a) of the Bankruptcy Code, Rule 1015 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 1015-(1)(b) of the Local Bankruptcy Rules ("Local Rules").

**PLEASE TAKE FURTHER NOTICE** that the Debtors request that this Motion be considered on an ex parte basis. The Debtors have determined that the most efficient and effective manner in which to administer their respective Cases is to seek an order authorizing joint administration. Joint administration of the Cases will allow the Debtors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, filings and other pleadings that would otherwise be filed in the separate Cases. Joint administration will potentially save the Debtors' estates thousands of dollars in administrative fees and costs, save the Court numerous hours in setting and hearing matters, and in reviewing separate sets of virtually identical pleadings in the six (6) chapter 11 cases. As the Debtors are filing multiple first day motions, it is essential to seek the relief requested in this Motion on an ex parte basis in order to accomplish the goal of preserving the time and resources of the Debtors, the Court, and other parties

1  in interest, as the alternative would be to file identical pleadings in the six separate cases with
2  hearings on each and every motion.
3        The Debtors do not request substantive consolidation of their Cases at this time. Nothing
4  contained in this Motion is intended to compel substantive consolidation of the assets of the Debtors'
5  respective estates. Since the Debtors require only joint administration of the Cases, no substantive
6  rights will be prejudiced by the relief requested herein, and no conflicts will result therefrom.
7  Accordingly, the Debtors request that the Motion be granted.
8        **PLEASE TAKE FURTHER NOTICE** that the Motion is based on the attached
9  Memorandum of Points and Authorities, the *Declaration of Douglas S. Cavanaugh in Support of*
10 *First Day Motions* (the "Cavanaugh Declaration"), the arguments of counsel, and other admissible
11 evidence properly brought before the Court at or before the hearing on this Motion. In addition, the
12 Debtors request that the Court take judicial notice of all documents filed with the Court in these
13 cases.
14       **PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must
15 be filed with the Court and served on proposed counsel for the Debtors at the above address any time
16 before the hearing or may be presented at the hearing on the Motion. Failure to timely object may be
17 deemed by the Court to constitute consent to the relief requested herein.
18       **PLEASE TAKE FURTHER NOTICE** that the Debtors will serve this Notice and Motion
19 and the attached Memorandum of Points and Authorities, and the Cavanaugh Declaration, on:
20 (1) the Office of the United States Trustee; (2) the creditors appearing on the lists filed in accordance
21 with Fed. R. Bankr. P. 1007(d) by the Debtors unless and until an official committee of unsecured
22 creditors (the "Committee") is appointed, then in that event, to counsel to the Committee; (3) parties
23 that file with the Court and serve upon the Debtors request for notice of all matters in accordance
24 with Bankruptcy Rule 2002(i); (4) the United States of America; (5) the State of California, and
25 (6) the Debtors' secured creditors or their counsel of record.
26       **PLEASE TAKE FURTHER NOTICE** that, to the extent necessary, the Debtors request
27 that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(1) and approve service (in
28 addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery or

email.  In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs.  The Debtors submit that such notice is sufficient and that no other or further notice be given.

**WHEREFORE**, for all the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing on the Motion, the Debtors respectfully request that this Court enter an order, entry of an order authorizing the joint administration of the Debtors' cases.

Dated:    August 30, 2018                PACHULSKI STANG ZIEHL & JONES LLP

By:    /s/ William N. Lobel
William N. Lobel
[Proposed] Attorneys for Ruby's SoCal Diners, LLC, *et al.*, Debtors and Debtors-in-Possession

# I.

# STATEMENT OF FACTS

a) **Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

b) **Background**

On August 29, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases (the "Cases").

c) **General Description of the Debtor**

A detailed description of the Debtors' background, structure, operations and recent financial history is detailed in the concurrently filed Cavanaugh Declaration.

d) **Overview of the Debtors and Its Affiliates' Business Operations**

The Debtors and their affiliates (referred to from time to time herein as the "Company") own, operate and manage restaurants under the trade names "Ruby's®," "Ruby's® Diner," "The Ruby Restaurant Group," "Ruby's® Dinette" and "Ruby's® Shake Shop." The Company has operated Ruby's® Diner restaurants since 1985 and is known as a purveyor of very popular burgers, fries and shakes.

D. **The Facts Supporting Joint Administration**

The facts supporting joint administration of the Debtors' cases are as follows: (1) each of the Debtors are in related businesses; (2) SoCal Diners is the 100% owner and sole and managing member of Quality; (3) SoCal Diners is the general partner and 50% owner, and Quality is the limited partner and 50% owner, of Ruby's Laguna Hills, Ruby's Huntington Beach, Ruby's Oceanside and Ruby's Palm Springs; (4) each of the Debtors are co-obligors in connection with

Case 8:18-bk-13197-CB    Doc 9    Filed 08/30/18    Entered 08/30/18 11:09:01    Desc
Main Document    Page 6 of 16

secured obligations owing to Opus Bank; (5) SoCal Diners, Ruby's Huntington Beach, Ruby's Oceanside and Ruby's Palm Springs are co-obligors in connection with secured obligations owing to C&C Partnership; (6) SoCal Diners, Quality, Ruby's Huntington Beach, Ruby's Oceanside and Ruby's Palm Springs are co-obligors in connection with secured obligations owing to Pillsbury Winthrop Shaw Pittman LLP and Opus Bank; (7) there is substantial overlap among the vendors and other creditors of the Debtors; (8) the Debtors are all part of an integrated cash management system; and (9) joint administration will ease the administrative burden on the Court, the Debtors and the parties and reduce the costs for all parties in administering these cases.

II.

## THE COURT SHOULD ORDER THE DEBTORS' CASES JOINTLY ADMINISTERED PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B)

**A.     Joint Administration of the Debtors' Cases Would Yield Substantial Administrative Benefits.**

Bankruptcy Rule 1015(b) provides that joint administration may be appropriate when two or more related debtor entities have filed for protection under the Bankruptcy Code. Bankruptcy Rule 1015 provides:

> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. Proc. 1015(b). Joint administration is typical when related business entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization strategies, and when the success of one entity may depend on success of another. *See* 9 COLLIER ON BANKRUPTCY, ¶ 1015.03 (15th ed. rev. 2008).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See* <u>In re N.S. Garrott & Sons</u>, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); <u>In re H & S Transportation Co.</u>,

55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985).  As set forth in the official 1983 Advisory Committee Note to Rule 1015:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The Cases present the classic situation for joint administration as numerous cords of administrative commonality connect the Debtors, militating in favor of the central administration of the Cases.  Joint administration will increase the Debtors' chances of a successful reorganization.

Joint administration will avoid wasting resources that would result through the duplication of effort if the Cases were to proceed separately and the same motions and applications were required to be filed in each Case.  It will permit each of the Debtors to respond more efficiently to the demands of their creditors and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the Cases.  The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because creditors will not be required to review duplicative motions and other pleadings that would otherwise be filed in six (6) separate cases.  Moreover, through joint administration of the Cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for a large number of nearly identical pleadings in the Cases.  It will also ease the burden of the Office of the United States Trustee in supervising the Cases.

SoCal Diners, Quality, Ruby's Huntington Beach, Ruby's Laguna Hills, Ruby's Oceanside and Ruby's Palm Springs will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the Cases.  All fees and costs will be charged to the lead case and only one joint fee application need be filed by any professional.  Many of the services provided by the professionals will benefit all the Debtors and it would time-consuming to allocate various services provided by the professionals among the Cases.

The rights of the Debtors' respective creditors will not be adversely affected by joint administration of the Cases.  The Debtors do not propose at this point to take any action that would

constitute substantive consolidation of their estates, but are merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of their Cases.

By reason of the foregoing, joint administration of the Cases is in the best interests of all interested parties.

Based upon the foregoing, joint administration would reduce the costs in administering the Debtors' Cases, serve to eliminate the substantial confusion and waste created by maintaining separate dockets and reduce the burden which the Debtors' Cases will place on the Court system. For each set of many of the pleadings to be filed in the Debtors' Cases, the only material differences between each pleading will be in the captions; substantive matters affecting one estate may affect all estates. By requiring separate pleadings to be filed in each Case, an enormous amount of copying will need to be done at substantial costs to the estates without any additional benefit to creditors. Moreover, such duplication would severely tax the administrative facilities of the Debtors and their attorneys, diverting valuable resources away from addressing substantive issues, including the continued operations of the Debtors' business and the formulation of a plan or plans of reorganization.

If this Motion is <u>not</u> granted, the burden will be similarly felt by the Debtors' creditors, the persons whose interests the Court should consider in determining whether to authorize joint administration. As with the Debtors, creditors will also be required to file multiple copies of pleadings in each of the Cases for no reason other than to maintain separate dockets and files. Moreover, by maintaining separate cases, some creditors may be confused as to when their rights are being affected, as they may be creditors of one or more of the estates, but not all of the estates. By jointly administering the estates, creditors who are entitled to notice will receive notice of all matters involving all Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims.

Accordingly, the Debtors propose that the joint administration of the Debtors be implemented as follows:

(a) <u>Pleadings</u>. The use of a single docket (except for proof of claims) for all cases and for filing, lodging and docketing the pleadings, orders and all other papers (including notices of

hearing in any of the cases) under the caption and case number of SoCal Diners, Case No.8:18-13197-CB, and in the form attached hereto as **Exhibit "A."** Each pleading filed under the joint caption shall be deemed to relate to all Cases unless such pleading, or its content, limits its affect to less than all the Cases.

(b) <u>Proofs of Claim</u>. Since the Debtors are separate entities, and there has been no substantive consolidation of the estates, proof of claims should only be captioned for the particular estate against which it is asserted. Further, separate creditor registers should be maintained by the Clerk for each estate.

(c) <u>United States Trustee's Reporting Requirements</u>. All reports and statements filed with the Office of the United States Trustee shall be filed separately for each Debtor and maintained for each Debtor.

(d) <u>Schedules of Assets and Liabilities</u>. Each Debtor shall file separate Schedules of Assets and Liabilities.

(e) <u>Notice to Creditors of Entry of Order</u>. Upon the entry of the Order approving the joint administration, and together with the Notice of the Section 341(a) meeting, the Debtors shall transmit to all creditors of each estate a notice in the form attached hereto as **Exhibit "B,"** setting forth the pertinent information with respect to the joint administration.

**B.    There Are No Actual Conflicts of Interest Between the Debtors and, Therefore, No Creditors Would Be Prejudiced by Joint Administration.**

There would be no material prejudice to creditors if the Debtors' estates are jointly administrated. Indeed, as discussed above, joint administration would benefit all creditors by substantially reducing costs and administrative burdens in general. As for the possibility of conflicts of interest, it is unlikely that any conflicts would prejudice the creditors of any of the Debtors' estates in any material way. As discussed above, the Debtors effectively operate as a single, integrated enterprise. The Debtors' mission has been, and should continue to be, for the common good of the entire enterprise.

**C.   Were An Actual Conflict To Arise In The Course Of The Debtors' Cases, The Court May Alleviate Any Prejudice To Creditors Pursuant To Its Discretion Under Bankruptcy Rule 1015(C).**

Although the Debtors do not believe that an actual conflict will arise among the estates, were one to arise in the future the Court could easily alleviate any prejudice it may cause to creditors through the Court's broad powers to oversee the joint administration of the Debtors' Cases. As discussed above, joint administration does not in itself affect any substantive rights; joint administration is a procedural device designed to reduce costs and administrative burdens generally. Were a conflict to arise during the Cases, the Court may step in and limit joint administration to the extent necessary to alleviate any negative effects of the conflict. Under Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Fed.R.Bankr.Proc. 1015(c). Exercising its discretion under this Rule, the Court should be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors if and when the need arises. Until a conflict arises, however, there is no reason why the Court should not authorize joint administration.

**WHEREFORE**, based upon the foregoing, the Debtors respectfully submit that this Court should enter order authorizing the joint administration of the Debtors' related chapter 11 Cases, with such joint administration to be implemented as provided for in this Motion and granting such other and further relief as the Court deems appropriate.

Dated:   August 30, 2018                    PACHULSKI STANG ZIEHL & JONES LLP


                                            By:   /s/ William N. Lobel
                                                  William N. Lobel
                                                  [Proposed] Attorneys for Ruby's SoCal
                                                  Diners, LLC, *et al.*, Debtors and Debtors-
                                                  in-Possession

## DECLARATION OF WILLIAM N. LOBEL

I, William N. Lobel, declare as follows:

1.  I am an attorney at law duly licensed to practice before this Court and the Courts of California. The following is within my own personal knowledge, and if called upon as a witness, I could and would testify competently with respect thereto. I am submitting this declaration in support of the Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 (the "Motion"). All terms not defined herein shall have the meanings ascribed to them in the Motion.

2.  The Debtors propose that all pleadings related to the Cases shall contain a joint caption in substantially the form attached hereto as **Exhibit "A,"** and that all such pleadings shall be filed and maintained under the existing docket of the lead case, *In re SoCal Diners, LLC.*

3.  A notice substantially similar to that attached hereto as **Exhibit "B"** and incorporated herein by reference will be sent to all creditors and will be filed in each of the Cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of August, 2018, at Costa Mesa, California.



William N. Lobel

**Exhibit "A"**

| | |
|---|---|
| In re: | Case No. 8:18-bk-13197-CB |
| RUBY'S SOCAL DINERS, LLC, a Delaware limited liability company, *et al.*,[2] | Chapter 11 (Jointly Administered With Case Nos. |
|     Debtors and Debtors-in-Possession, | 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB |
| Affects: | |
| ☐ All Debtors | |
| ☐ RUBY'S SOCAL DINERS, LLC, ONLY | |
| ☐ RUBY'S QUALITY DINERS, LLC, ONLY | |
| ☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY | |
| ☐ RUBY'S LAGUNA HILLS, LTD. ONLY | |
| ☐ RUBY'S OCEANSIDE, LTD., ONLY | |
| ☐ RUBY'S PALM SPRINGS, LTD., ONLY | |

---

[2] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC 1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

# Exhibit "B"

**[See Attached Mandatory Notice]**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| William N. Lobel CA Bar Mp/ 93202)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>650 Town Center Drive, Suite 1500<br>Costa Mesa, CA  92626<br>Telephone:  (714) 384-4740<br>Facsimile:  (714) 384-4741<br>Email:  wlobel@pszjlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Ruby's SoCal Diners, et al. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRIBUTION OF CALIFORNIA -** Santa Ana Division ▼

| In re: RUBY'S SOCAL DINERS, LLC, a Delaware limited liability company,<br><br>Debtor(s) | LEAD CASE NO.: 8:18-bk-13197 CB<br>CHAPTER: 11 ▼<br>JOINTLY ADMINISTERED WITH:<br>CASE NO.:  8:18-bk-13198 CB<br>CASE NO.:  8:18-bk-13199 CB<br>CASE NO.:  8:18-bk-13200 CB<br>CASE NO.:  8:18-bk-13201 CB<br>CASE NO.:  8:18-bk-13202 CB<br>☐ See attached for additional Case Numbers |
| In re:<br>   (See Attached)<br><br>Debtor(s) | |
| ☒ Affects All Debtors<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ See attached for additional Debtors<br><br>Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:  An order was entered on (*date*) 08/31/2018___ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

December 2014        Page 1        F 1015-1.1.NOTICE.JOINT.ADMINISTRATION

EXHIBIT "B"
Page 14

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:


Date: 08/31/2018                                         By: /s/ William N. Lobel
                                                                    Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

December 2014                    Page 2                    F 1015-1.1.NOTICE.JOINT.ADMINISTRATION

EXHIBIT "B"
Page 15

- In re Ruby's SoCal Diners, LLC, a Delaware limited liability company (Case No. 8:18-bk-13197 CB)

- In re Ruby's Quality Diners, LLC, a Delaware limited liability company (Case No. 8:18-bk-13198 CB)

- In re Ruby's Huntington Beach, Ltd., a California limited partnership; (Case No. 8:18-bk-13199 CB)

- In re Ruby's Laguna Hills, Ltd, a California limited partnership (Case No. 8:18-bk-13200 CB)

- In re Ruby's Oceanside, Ltd., a California limited partnership (Case No. 8:18-bk-13201 CB)

- In Re Ruby's Palm Springs, Ltd., a California limited partnership (Case No. 8:18-bk-13202 CB)