Jessica G. McKinlay (CA Bar No. 282743)
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
Email: mckinlay.jessica@dorsey.com

Attorneys for Opus Bank

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**RUBY'S SOCAL DINERS, LLC,** a Delaware limited liability company;<br><br>(Jointly Administered with)<br>**RUBY'S QUALITY DINERS, LLC,** a Delaware limited liability company;<br>**RUBY'S HUNTINGTON BEACH, LTD.,** a California limited partnership; **RUBY'S LAGUNA HILLS, LTD.,** a Delaware limited liability company; **RUBY'S OCEANSIDE, LTD.,** a California limited partnership; and **RUBY'S PALM SPRINGS, LTD.,** a California limited partnership,<br><br>Debtors and Debtors-in-Possession. | Case Nos. 8:18-bk-13197<br><br>Jointly Administered with CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB<br><br>Chapter 11<br><br>**STIPULATION FOR ORDER (A) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION FOR USE OF PREPETITION COLLATERAL, AND (C) GRANTING RELATED RELIEF**<br><br>**Emergency Hearing**<br>Date: August 31, 2018<br>Time: 10:00 am<br>Place: Courtroom 5D<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

The Debtors, by and through counsel, secured creditor Opus Bank ("Opus") and secured creditor Pillsbury Winthrop Shaw Pittman LLP ("PWSP"), by and through counsel, hereby file this *Stipulation for Order (A) Authorizing Interim Use of Cash Collateral, (b) Granting Adequate Protection for Use of Prepetition Collateral, and (C) Granting Related Relief* (the "Stipulation"). The Stipulation is for the benefit of the Debtors' secured creditors, including Opus, C&C

1

4815-8779-3777.v1

Partnership, PWSP, and Plaza Bonita, LLC (collectively, the "Secured Creditors").

The Debtors brought their Emergency Motion For Order (A) Authorizing Interim Use of Cash Collateral, (B) Granting Adequate Protection for Use of Prepetition Collateral, and (C) Granting Related Relief (the "Motion") on August 30, 2018 (Dkt No. 13), and Opus filed its objection (the "Objection") later that same day (Dkt. No. 22). Capitalized terms, if not otherwise defined, have the same definitions as provided for in the Motion and the Objection. The parties, having considered the issues, wish to stipulate to the following conditions for the use of cash collateral, as follows:

1. Debtors have, pursuant to the Interim Order (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection for Use of Prepetition Collateral, and (C) Granting Related Relief (the "Cash Collateral Order"), authorization to use cash currently on hand in the Debtors' estates and funds generated from the operation of the Debtors' business (the "Cash Collateral") pursuant to the Budget appended to the Motion as Exhibit A on an interim basis through the final hearing on this Motion.

2. Each of the Secured Creditors have asserted an interest in the Cash Collateral, and, as a condition of the use of Cash Collateral, each of the Secured Creditors are granted postpetition replacement liens to the full value of their existing collateral and the proceeds thereof with the same extent, validity and priority as existed prepetition. Without limiting the provisions of the Cash Collateral Order and this Stipulation, each Secured Creditor's replacement liens shall encumber all assets acquired by the respective debtor(s) postpetition which would have been encumbered by the Secured Creditor's liens and security interests if the Debtors had not filed bankruptcy.

3. Without limiting the rights of other secured creditors, Debtors concede that Opus is the senior secured creditor of the Debtors with respect to its collateral, and is granted a superpriority claim under Section 507(b) of the Bankruptcy Code in the event of any diminution in such Secured Creditor's collateral. All other Secured Creditors are also granted superpriority claims under Section 507(b) in the event of any diminution in such Secured Creditor's collateral.

4. Debtors may open one or more separate Debtor-in-Possession bank account(s) and

2

transfer the existing Cash Collateral in accounts at Opus into such Debtor-in-Possession accounts. However, the transfer of such funds shall be conditioned on and made subject to the continuation of Opus's existing security interest, which security interest shall remain perfected and attached to such Cash Collateral after transfer by means of the order approving this Stipulation without further action required by Opus and such transfer shall further be made subject to and will not alter, amend, or modify Opus's statutory rights of offset against such Cash Collateral as it currently exists.

5. Debtors will bring a separate motion for approval of DIP loan financing and the Secured Creditors reserve their rights to object to such Motion. Any DIP loan financing shall be subordinated to the Debtors' Secured Creditors' security interests in the Cash Collateral and in all other collateral in which the Secured Creditors have an interest.

6. In their Motion, the Debtors have provided a Budget for the period through November 25, 2018. The Debtors may not exceed this budget except as provided for in paragraph 8, below.

7. The Debtors will report to the Secured Creditors and the United States Trustee on a weekly basis, providing each of their projected revenues and cash flows, as well as the actual revenues and cash flows from the prior week for each of the Debtors. As part of the weekly reporting, the Debtors will provide the Secured Creditors and the United States Trustee a weekly bank statement from all Debtor-in-Possession bank accounts, along with supporting documentation showing the use and allocation of the money being withdrawn from such accounts.

8. Each of the Debtors may exceed its individual Budget by up to 15%, per line item or overall, without prior approval of the Secured Creditors, except if the Debtors are operating below budget such that there are no revenues to cover expenses in the calendar month of such expenditure, the Debtors must give twenty-four business hours' prior written notice to the Secured Creditors, who may have the opportunity to object to any expenditures that would exceed the budget by any amounts.

9. Opus will be given twenty-four business hours prior written notice of any funds that the Debtors intend to pay to RDI, or any other affiliate of the Debtors or RDI, to cover management

3

4815-8779-3777.v1

1  expenses, including employees' payroll or any other payments, or any other costs or expenses. The
2  notice will provide detailed accounting of the specific purposes of the funds, including management
3  fees, invoices, payroll information, or otherwise identify the purpose of the funds, such that Opus
4  can readily identify the reason for the payment to RDI and object if such reason does not relate to the
5  Debtors' business purposes.

6      10.    The budgets and reporting will be done on an individual Debtor by Debtor basis as
7  well as on an overall aggregate basis.

8      11.    The Secured Creditors reserve all of their rights to further object to any entry of the
9  provisions contained in any final order on Cash Collateral.

10      Accordingly, the Debtors, Opus and PWSP request that the Court approve this Stipulation on
11  the Interim Use of Cash Collateral.

| | |
|---|---|
| Dated: August 31, 2018 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*(signature)*<br>William N. Lobel<br>[Proposed] Attorneys for Ruby's SoCal Diners, LLC, a Delaware limited liability company, *et. al.*, Debtors and Debtors-in-Possession |
| Dated: August 31, 2018 | DORSEY & WHITNEY LLP<br><br>*/s/ Jessica McKinlay*<br>Jessica McKinlay<br>Attorneys for Opus Bank |
| Dated: August 31, 2018 | PILLSBURY WINTHROP SHAW PITTMAN LLP<br><br>*/s/ Matthew S. Walker*<br>Matthew S. Walker<br>Pillsbury Winthrop Shaw Pittman LLP |

4

4815-8779-3777.v1

expenses, including employees' payroll or any other payments, or any other costs or expenses. The notice will provide detailed accounting of the specific purposes of the funds, including management fees, invoices, payroll information, or otherwise identify the purpose of the funds, such that Opus can readily identify the reason for the payment to RDI and object if such reason does not relate to the Debtors' business purposes.

10. The budgets and reporting will be done on an individual Debtor by Debtor basis as well as on an overall aggregate basis.

11. The Secured Creditors reserve all of their rights to further object to any entry of the provisions contained in any final order on Cash Collateral.

Accordingly, the Debtors, Opus and PWSP request that the Court approve this Stipulation on the Interim Use of Cash Collateral.

Dated: August 31, 2018                                PACHULSKI STANG ZIEHL & JONES LLP

/s/ William N. Lobel
William N. Lobel
Attorneys for Ruby's SoCal Diners, a Delaware corporation, *et. al.*, Debtors and Debtors-in-Possession

Dated: August 31, 2018                                DORSEY & WHITNEY LLP

/s/ Jessica McKinlay
Jessica McKinlay
Attorneys for Opus Bank

Dated: August 31, 2018                                PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ Matthew S. Walker
Matthew S. Walker
Pillsbury Winthrop Shaw Pittman LLP

4

4815-8779-3777.v1