**FILED & ENTERED**

**SEP 04 2018**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY le          DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Lead Case No. 8:18-bk-13197-CB |
| Ruby's SoCal Diners, LLC, | Jointly Administered with: |
|     Debtors and Debtors-in Possession. | Case No.: 18-8-bk-13198-CB<br>Case No.: 18-8-bk-13199-CB<br>Case No.: 18-8-bk-13200-CB<br>Case No.: 18-8-bk-13201-CB<br>Case No.: 18-8-bk-13202-CB |
| Affects: | |
| ☒ All Debtors | |
| ☐ Ruby's SoCal Diners, LLC, ONLY | Chapter 11 |
| ☐ Ruby's Quality Diners, LLC, ONLY | **ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE** |
| ☐ Ruby's Huntington Beach, Ltd., ONLY | |
| ☐ Ruby's Laguna Hills, Ltd. ONLY | Date:  September 24, 2018<br>Time:  1:00 P.M.<br>Courtroom: 5D<br>Address:     411 W. Fourth Street<br>                Santa Ana, CA 92701 |
| ☐ Ruby's Oceanside, Ltd., ONLY | |
| ☐ Ruby's Palm Springs, Ltd., ONLY | |
|     Debtors and Debtors in Possession | |

    PLEASE TAKE NOTICE that, pursuant to 11 U.S.C. § 105(d), the Court will conduct a status conference in the above case at the place and time set forth above.

    PLEASE TAKE FURTHER NOTICE that, based upon the Court's records and evidence presented at the status conference, the Court may do one or more of the following at the status conference (or at any continued hearing) without further notice:

1. Dismiss the case;

2. Convert the case to another chapter;

3. Order the appointment of a chapter 11 trustee;

4. Establish deadlines for the filing of claims, requests for payment of expenses of administration and/or objections to claims;

5. Set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the debtor or any other party in interest;

6. Fix the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement;

7. Provide that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan;

8. Set a deadline for confirmation of a plan;

9. Set deadlines for compliance with reporting and other chapter 11 debtor in possession requirements;

10. Set deadlines for the assumption or rejection of executory contracts or unexpired leases; and/or

11. Refer matters to mediation.

PLEASE TAKE FURTHER NOTICE that, whether the debtor files its schedules and statements using the 100 series (for individual debtors) or the 200 series (for non-individual debtors), the forms are mandatory and must be executed under penalty of perjury. Any disclaimers, reservations, caveats, general notes or exceptions that debtors or their counsel may append to or include in such forms are ineffective to alter the duty of care or the level of detail required in connection with the preparation of these forms and do not create or preserve any rights that would not otherwise have existed in the absence of such language.

PLEASE TAKE FURTHER NOTICE that, this hearing date and time may be used as a "stacking date" as needed.

//

//

IT IS ORDERED:

1. The debtor in possession (or the chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or the 20 largest unsecured creditors, if no committee has been appointed) and any parties that have requested special notice in the cases not less than 7 days prior to the date scheduled for the status conference;

2. The debtor in possession (or the chapter 11 trustee, if one has been appointed) shall file with the court and serve on the parties identified in the preceding paragraph not less than 7 days prior to the date scheduled for the status conference a written status report that includes the following information OR an explanation of why such information has not been included:

   a. a brief description of the debtor's businesses and operations, if any, and the principal assets and liabilities of each estate;

   b. brief answers to these questions:

      1. What precipitated the bankruptcy filing?
      2. What does the debtor hope to accomplish in this chapter 11 case?
      3. What are the principal disputes or problems likely to be encountered during the course of the debtor's reorganization efforts?
      4. How does the debtor recommend that these disputes be resolved and why?
      5. Has the debtor complied with all of its duties under 11 U.S.C. §§ 521, 1006 and 1107 and all applicable guidelines of the Office of the United States Trustee, and, if not, why not?
      6. State whether the estate has any potential avoidance actions as described in 11 U.S.C. §§ 554-550.  If so, describe them briefly and state whether complaints have been filed.  If complaints have not been filed, explain why not and when will they be filed,
      7. Do any parties claim an interest in cash collateral of the debtor?

8. Is the debtor using cash that any party claims as its cash collateral and, if so, on what date(s) did the debtor obtain an order authorizing the use of such cash or the consent of such party?

9. Describe the status of Debtor's post-petition operations and its major assets and liabilities.

10. Describe the status of Debtor's pre-petition and post-petition litigation.

The Status Report and all proposed disclosure documents shall be supported by evidence in the form of declarations and supporting documents.

c. the identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered in response to such applications, if any, and a general description of the type of services to be rendered by each or the purpose of the employment;

d. in operating cases, evidence regarding projected income and expenses for the first six months of the case;

e. proposed deadlines for the filing of claims and objections to claims;

f. proposed deadline for filing any avoidance actions;

g. a proposed deadline for the filing of a plan and disclosure statement - if a disclosure statement cannot be filed within the first 120 days of this case, explain the reasons for delay;

h. a discussion of any significant unexpired leases and executory contracts to which the debtor is a party and the debtor's intentions with regard to these leases and contracts.

i. whether the case is a small business case within the meaning of 11 U.S.C. § 101(51D); and

j. whether the case is a single asset real estate case within the meaning of 11 U.S.C. § 101(51B);

//

//

//

**FAILURE OF THE DEBTOR(S) TO APPEAR (THROUGH COUNSEL IF THE DEBTOR IS REPRESENTED), TO FILE A STATUS REPORT OR TO SERVE THIS NOTICE AS REQUIRED MAY RESULT IN THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, DISMISSAL OF THE CASE, OR ITS CONVERSION TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE.**

###

Date: September 4, 2018

*[Signature]*
Catherine Bauer
United States Bankruptcy Judge